**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**FRANCISCO F. HERNANDEZ,**

      **Petitioner,**

**v.**                                 **Case No. 5:18cv098-MCR/CAS**

**STATE OF FLORIDA,**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION TO TRANSFER CASE**

On or about April 18, 2018, Petitioner Francisco F. Hernandez, proceeding pro se, filed a "Notice of Extension of Time Request for Filing Habeas Corpus Petition."   ECF No. 1.   Petitioner Hernandez is an inmate confined at the Northwest Florida Reception Center in Chipley, Florida, located within this district.   *See id.*; N.D. Fla. Loc. R. 3.1(A)(2).   In his notice, and attachments thereto, he indicates he wishes to challenge a state court judgment and sentence entered in case number 05-2011-CF-040753A by the Eighteenth Judicial Circuit, Brevard County, Florida.   *See* ECF No. 1.

The Clerk's Office used Petitioner's filing to open a habeas corpus case, albeit apparently with the incorrect Nature of Suit and Cause designations.   As a state prisoner challenging a state court judgment and

sentence, Petitioner's cause should be habeas corpus pursuant to 28

U.S.C. § 2254.   Moreover, this Court has no authority to grant an

extension of the one-year federal habeas limitations period set forth in 28

U.S.C. § 2244(d)(1).   A habeas petition is not "pending" until a § 2254

petition is actually filed.   Isaacs v. Head, 300 F.3d 1232, 1239 (11th Cir.

2002).   Until a § 2254 petition is filed, this Court has no jurisdiction to

consider the timeframe for such petition as there is no case or controversy.

*See, e.g.*, United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000);

Swichkow v. United States, 565 F. App'x 840, 844 (11th Cir. 2014).

For § 2254 petitions, jurisdiction is appropriate in the district of

confinement and the district of conviction.   28 U.S.C. § 2241(d) (providing

that state prisoner may file habeas petition in district where he was

convicted and sentenced or in district where he is incarcerated).   In this

case, however, the district of conviction appears to be the most convenient

and appropriate venue, and thus, in an abundance of caution, this case

should be transferred to the United States District Court for the Middle

District of Florida, Orlando Division.   *Id.*; M.D. Fla. R. 1.02(b)(3).   *See*

Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Parker v. Singletary,

974 F.2d 1562, 1582 (11th Cir. 1992).

Case No. 5:18cv098-MCR/CAS

It is therefore respectfully **RECOMMENDED** that the case file,

including any service copies and pending motions, be **TRANSFERRED** to

the United States District Court for the Middle District of Florida, Orlando

Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2018.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**